(No. 1661, July 16, 1914)

ROZETTA CEDELIA LAW, Executrix of the Estate of ROBERT LAW, Deceased, Appellant, vs. THE NEW MEXICO CENTRAL RAILROAD COMPANY, and CHARLES C. MURRAY, Receiver, Appellee.

### SYLLABUS BY THE COURT.

1. L. brought suit against N., a corporation, to recover the sum of $20,000.00, on a contract, and $3,000.00 on quantum meruit. The trial court found for the defendant. Held: that the evidence failed to establish L.'s right to recover upon the contract, but that his right to recover the $3,000.00 upon a quantum meruit was clearly established, for which amount judgment should have been rendered.

P. 246

Appeal from District Court, Santa Fe County, Edmund C. Abbott, Presiding Judge. Reversed and Remanded.

GEORGE W. PRICHARD, for Appellant.

Court erred in not holding that there was an express contract in parol. A. & E. Enc., Vol. 7, 99; Vol. 7, p. 129; Am. Dec., Vol. 21, 272; 10 Ind. App. 503; 160 N. Y. 291; 139 Pa. St. 207; 62 Ill. 493; 6 Kan. App. 718; 22 Wis. 194; A. & E. Enc., Vol. 21, 850; 18 Ill. 297; 17 Ill. 40; 33 Cal. 193; 30 N. Y. 83; Am. St. Rep., Vol 61, 436; 68 Am. Dec. 545; 17 Ill. 40; 49 Ill. 416; 33 Cal. 183; 139 Mo. 1; 104 Mo. 531; 104 U. S. 192; 110 U. S. 7; 86 Mo. 125.

When employment is made by president of corporation

and no objections are made thereto. 30 N. Y. 83; 6 N. Y. 168; 34 Am. Dec. 317, 216.

Corporations may be liable on contract not formally ratified by them. 51 Am. Dec. 59; 86 Am. Dec. 355; 5 Cush. 158.

Board may ratify acts. A. & E. Enc., Vol. 21, 853, 854.

Authorities cited by appellee. 55 Ia. 104; 49 Pa. St. 118; 57 Mo. 564; 137 Ill. 509; 23 Pac. 849; 13 Col. 4; 45 Ga. 34; 121 Ala. 505; Sec. 2685, Sub-Sec. 68, C. L.; 149 Mo. 135 134 Mo. App. 282; 16 Wyo. 403; 64 Kan. 578.

Court erred in ignoring admissions made by directors of defendant company as to salary. 3 Smed. M. (Miss. 443.)

Court erred in refusing to allow plaintiff for money actually expended. Sec. 89, Chap. 79, S. L. 1905.

E. W. DOBSON, Attorney for Appellee.

President of corporation has no authority to appoint and designate one an officer of corporation nor to fix salary for services to be rendered by such person. 71 Am. Dec. 491; 66 N. H. 581; 20 Cal. 602; 115 Wis. 583; 57 Atl. 417.

In order to constitute valid ratification by board of directors of corporation of unauthorized acts of some one attempting to act in its behalf, board must have full knowledge of all material facts and circumstances surrounding action sought to be ratified. 7 Cal. 171; 81 Am. Dec. 133; 16 Md. 456; 10 Cal. 354; 8 Cal. 227.

Appellant is not entitled to compensation for any services rendered from September, 1908, until time he resigned and quitted service of appellee company. 3 A. & E. Ann. Cas. 731; 6 Met. 64; 91 Ill. 63; 46 N. E. 504; 137 U. S. 98; 25 N. E. 98; 166 Mo. 28; 71 Ill. 106; 93 Cal. 17; 27 Cal. 630; 17 Col. 421; 27 Conn. 170; 87 Ill. 446; 167 Ill. 549; 186 Ill. 183; 40 Ind. 361; 130 Mass. 391; 75 Mich. 568; 61 N. H. 632; 48 Hun. 524; 118 N. Y. 629; 23 Oreg. 20; 207 Pa. St. 217; 117 Ill. 525; 137 Ill.

509; 55 Ia. 104; 128 Mich. 518; 4 Mo. App. 59; 166 Mo. 28.

## OPINION.

ROBERTS, C. J.—Robert Law brought suit against the New Mexico Central Railroad Company to recover the sum of $23,000.00. A part of the amount, viz: $20,000, was for balance of salary alleged to be due, under a contract of employment which appellant alleged was made with him on behalf of the company by Francis J. Torrance, as vice-president of the defendant corporation. This item was based upon the alleged contract. The second item, for which recovery was sought, was upon a *quantum meruit* for the sum of $3,000, for special services rendered in making an examination of a written report on the condition of the appellee railroad, its rolling stock, coal mines, proposed extensions of the road, etc., and money actually expended in connection therewith, amounting to the sum of $400.00. The case was tried by the court, without the intervention of a jury, and the facts were found as follows.

"1.    That there was no contract existing between plaintiff and defendant whereby plaintiff was to receive ten to twelve thousand dollars per annum as president of the Santa Fe Central Railway Company or its successor.

2.    That plaintiff did, however, enter the employment of the defendant and served as President of the company from June, 1908, until July, 1909, acting in some other capacity prior thereto.

3.    That there was an understanding between plaintiff and Torrance prior to such employment, the conditions of which understanding are not at this time clear to the court.

4.    That plaintiff voluntarily resigned as President of the New Mexico Central Railroad Company.

5.    That plaintiff drew, as salary, while he was acting as President, the sum of $7,302.35 for his services.

6.    That plaintiff is not entitled to payment from the defendant company of $3,000.00 or any other sum for special services.

7. That there is nothing due plaintiff from the defendant on account of his alleged contract or for services rendered as President of said Company."

Upon the facts so found, judgment was rendered in favor of appellee, from which judgment this appeal is prosecuted by the executrix of the estate of Robert Law, who died since the rendition of the judgment in the trial court.

We have carefully read the transcript of the evidence and are of the opinion that the appellant failed to establish by a preponderance of the evidence, the existence of a contract with appellee, or with any one on its behalf, by which he was to receive a salary of ten or twelve thousand dollars per annum. It is true, he testified there was such a contract, but this fact is denied by Mr. Torrance, the vice-president, with whom he alleged the contract was made. The court, by its fifth finding, found that appellant drew, as salary, while he was acting as president, the sum of $7,302.35 for his services. The evidence tended to establish that this amount was reasonable compensation, for the services rendered by appellant, under his general employment.

By its sixth finding, the court found that the plaintiff was not entitled to payment from the defendant company of the sum of $3,000, or any other sum for special services. We cannot understand upon what theory of the evidence this finding was predicated. Appellant testified that he was employed by General Torrance, the vice-president of the defendant company, to visit the company's properties in New Mexico, including a coal mine to which it was extending its road, and proposing to later operate, for the purpose of preparing a detailed report of the condition of the properties of the company; its prospect for business upon the completion of its lines; an estimate of the probable revenues, etc. That he was an experienced railroad man, and had frequently engaged in similar work for other roads and coal companies. In other words, that he was employed as an expert, for the purposes mentioned. Nothing was said as to the compensation he was to re-

ceive. He paid out the sum of $400 for expense incurred in railroad fare, etc., and made three trips, upon each of which ten days' time was spent. He testified that his services were reasonably worth $3,000, including the $400, which he had expended. General Torrance, who employed him, did not dispute the justness of this claim. He testified that the item of expense was a modest charge, in his judgment, and that he had no knowledge as to the value of the services rendered. The only evidence, disputing the justness of the charge, was given by Arthur Kennedy, a witness for appellee, who testified as follows:

"I do not know about the expense account of $400, but for his charge as an expert the sum of $3,000 is exorbitant; $500 would·be ample."

This witness, however, did not show that he knew anything about the value of the services rendered, or the charge usually made by others. All the evidence bearing upon this issue was in the form of depositions, consequently this court has the same opportunity of weighing its credibility, and ascertaining the truth as did the trial court. Gallup Electric Light Co. vs. Pac. Improvement Co., 16 N. M. 86. From a review of the evidence, we are convinced that appellant established his right to recover the sum of $3,000 for such special services, and expenses incurred, by a preponderance of the evidence.

It is evident that the trial court did not consider that this item had been paid, by the $7,303.35 which appellant had drawn from the company, while acting as president, for he found that such sum was drawn "as salary, while he was acting as president." This being true, it is apparent that appellant was entitled to recover the sum $3,000, for such special services rendered, for which judgment should have been rendered. The cause is therefore reversed, with instructions to the trial court to enter judgment for appellant for the sum of $3,000, and to award such other and further relief in the premises not inconsistent with this opinion, as the facts and the law warrant, and, it is so ordered.